**Richard E. MARTIN, Plaintiff—Appellant,**

v.

**MULE CREEK STATE PRISON; et al., Defendants—Appellees.**

**No. 03–15805.**

**D.C. No. CV–01–01302–DFL/GGH.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

Richard E. Martin, pro se, Vacaville, CA, for Plaintiff–Appellant.

John William Riches, II, Constance L. Picciano, Attorney General's Office for the State of California, Sacramento, CA, for Defendants–Appellees.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

294

MEMORANDUM**

Richard E. Martin, a California state prisoner, appeals pro se from the district court's order denying his request for a temporary restraining order or preliminary injunction, and granting summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging prison officials violated his constitutional rights by intercepting several sexually explicit magazines to which Martin subscribed. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo, *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir.1999), and the denial of a request for preliminary injunction for abuse of discretion, *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir.2003) (en banc) (per curiam). We affirm.

The district court properly concluded that the regulation prohibiting Martin's possession of sexually explicit material, 15 Cal.Code Reg. tit. 15, § 3006(c), is constitutional, because its underlying policy is reasonably related to legitimate penological interests. *See Mauro v. Arpaio*, 188 F.3d 1054, 1058–63 (9th Cir.1999) (en banc). The district court's grant of summary judgment was appropriate, because the undisputed evidence shows that each publication the prison denied violated the regulation. *See Frost*, 197 F.3d at 353.

The district court did not abuse its discretion in denying preliminary injunctive relief, because Martin failed to demonstrate a likelihood of success on the merits of this action. *See Shelley*, 344 F.3d at 917.

Martin's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

